UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:8:14-cv-2698-T-30EAJ

HASSAN SULTAN,

    Plaintiff,

vs.

HK CRAIG & ASSOCIATES, LLC,

    Defendant(s).

_____/

## PLAINTIFF, HASSAN SULTAN'S, MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANT, HK CRAIG & ASSOCIATES, LLC

Plaintiff, HASSAN SULTAN, by and through undersigned counsel and pursuant to Rule 55(b)(1), hereby requests entry of a Final Default Judgment against Defendant, HK CRAIG & ASSOCIATES, LLC ("Defendant"). In support of this request, Plaintiff relies upon the record of this case and declarations submitted herewith.[1]

### LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)

---

[1] A Declaration of No Answer and Declaration of Time are attached hereto as Exhibits "1" and "2" in support of this Motion.

1

(*citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.* A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

## FACTUAL ALLEGATIONS

On or about February 3, 2014, Defendant sent Plaintiff a letter ("Letter") in an attempt to collect a consumer debt. [D.E. 1 at ¶¶ 6-8 and Exhibit "1"]. In the Letter, Defendant threatened to take legal action against Plaintiff pursuant to Florida criminal law. [D.E. 1 at ¶ 9 and Exhibit "1"]. Defendant is not and was not a representative of the State of Florida and does not have the ability to unilaterally institute any criminal actions against Plaintiff, as was threatened in the Letter. [D.E. 1 at ¶ 10]. Defendant's threats of legal action were made with the sole purpose of attempting to coerce payment of an alleged debt and to place Plaintiff in fear. [D.E. 1 at ¶ 11]. Defendant's conduct was done in violation of the Fair Debt Collection Practices Act ("FDCPA"). [D.E. 1 at ¶ 12].

## LEGAL CLAIMS

1. Plaintiff has set forth claims in the Complaint under the FDCPA pursuant to 15 U.S.C. §1692e(2)(a), 15 U.S.C. §1692e(5), 15 U.S.C §1692e(10) and 15 U.S.C. §1692f(1).

2. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e(2)(a) for Defendant's misrepresentation as to the legal status of the alleged debt and as such Plaintiff is entitled to statutory damages for same.

3. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e(5) for Defendant's threat of legal action when Defendant cannot take such threatened legal action.

4.      Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e(10) for Defendant's deceptive and false representations as to the criminal nature of the alleged debt that were made by Defendant in an attempt to collect the alleged debt.

5.      Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692f(1) for Defendant's attempt to collect an amount that was not expressly authorized by an agreement creating the alleged debt or permitted by law and Plaintiff is entitled to statutory damages for same.

## DAMAGES

6.      Pursuant to 15 U.S.C §1692k(2), Plaintiff is entitled to statutory damages in an amount not to exceed $1,000.00 for Defendant's multiple violations of the FDCPA, as outline above.

7.      Pursuant to 15 U.S.C. §1692k(3), Plaintiff is entitled to recover his attorneys' fees and costs in the amount of $3,418.09. *See* Declaration of Time attached hereto as Exhibit "2".

WHEREFORE, Plaintiff, HASSAN SULTAN, respectfully requests that this Court enter a Final Default Judgment against Defendant, HK CRAIG ASSOCIATES, LLC, awarding Plaintiff $1,000.00 in statutory damages, awarding Plaintiff his attorneys' fees and costs in the amount of $3,418.09 and granting any other relief the Court deems just and proper.

Dated: 2/24/15

Respectfully Submitted,

**WEISS LAW GROUP, P.A.**
5531 N. University Drive
Suite 103
Coral Springs, FL 33067
Tel: (954) 573-2800
Fax: (954) 573-2798

BY: _____
    Jason S. Weiss
    Jason@jswlawyer.com
    Florida Bar No. 356890
    Peter S. Leiner
    Peter@jswlawyer.com
    Florida Bar No. 104527