UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:8:14-cv-2698-T-30EAJ

HASSAN SULTAN,

    Plaintiff,

vs.

HK CRAIG & ASSOCIATES, LLC,

    Defendant(s).

_____/

## DEFAULT FINAL JUDGMENT

This cause is before the Court pursuant to Plaintiff, HASSAN SULTAN'S, Motion for Default Judgment [D.E. 8], filed on February 24, 2015. In support of his request, Plaintiff relies upon the record of this case and declarations submitted therewith and did not request a hearing. (*Id.*). For the reasons that follow, the Court grants the Motion.

## BACKGROUND

1. This action was commenced on or about, October 27, 2014, when Plaintiff filed a Complaint against Defendant. [D.E 1].

2. On October 3, 2014, Defendant was served with the summons and complaint by personal service. [D.E. 5].

3. More than twenty-one (21) days elapsed since the date on which service of the Summons and Complaint was effective.

4. Neither Plaintiff nor the Court granted Defendant any extension of time to respond to the Complaint.

5. Defendant failed to answer or otherwise respond to the Complaint, or serve a copy of any answer or other response upon Plaintiff's attorneys of record.

6. The Court Clerk entered default against Defendant on January 29, 2015. [D.E. 7].

## FACTUAL HISTORY

On or about February 3, 2014, Defendant sent Plaintiff a letter ("Letter") in an attempt to collect a consumer debt. [D.E. 1 at ¶¶ 6-8 and Exhibit "1"]. In the Letter, Defendant threatened to take legal action against Plaintiff pursuant to Florida criminal law. [D.E. 1 at ¶ 9 and Exhibit "1"]. Defendant is not and was not a representative of the State of Florida and does not have the ability to unilaterally institute any criminal actions against Plaintiff, as was threatened in the Letter. [D.E. 1 at ¶ 10]. Defendant's threats of legal action were made with the sole purpose of attempting to coerce payment of the alleged debt. [D.E. 1 at ¶ 11]. Defendant's conduct was done in violation of the FDCPA. [D.E. 1 at ¶ 12].

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (*citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.* A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

## LEGAL CLAIMS

7. Plaintiff has stated claims in the Complaint under the Fair Debt Collection Practice Act ("FDCPA") 15 U.S.C. §1692e(2)(a), 15 U.S.C. §1692e(5), 15 U.S.C §1692e(10) and 15 U.S.C. §1692f(1).

8. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e(2)(a) for Defendant's misrepresentation as to the legal status of the alleged debt.

9. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e(5) for Defendant's threat of legal action that Defendant cannot legally take.

10. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692e(10) for Defendant's deceptive and false representations as to the criminal nature of the alleged debt that were made by Defendant in an attempt to collect the alleged debt.

11. Plaintiff has stated a claim for a violation under the FDCPA 15 U.S.C. §1692f(1) for Defendant's attempt to collect an amount that was not expressly authorized by the agreement creating the alleged debt or permitted by law and is entitled to statutory damages for same.

## PLAINTIFF'S DAMAGES

Plaintiff is entitled to attorney fees, costs for filing suit, and statutory damages. Plaintiff's attorneys and support staff spent 12.3 hours of time on this matter and bills at a rate of $300.00 per hour for a total of $2,940.00 (*See* Affidavit of Time). Plaintiffs' costs for filing and serving the Complaint were a total of $478.09. Plaintiff is entitled to $1,000.00 in statutory damages pursuant to 15 U.S.C. §1692k. Plaintiffs' damages are for a total of $4,418.09.

**It is ORDERED and ADJUDGED, that:**

1. Plaintiffs' Motion for Default Final Judgment is GRANTED.

2. Plaintiff, HASSAN SULTAN, shall recover from the Defendant, HK CRAIG ASSOCIATES, LLC, the sum of $4,418.09, plus costs and interest according to law from the date of this judgment until the entire amount is paid for which let execution issue forthwith.

3. The Clerk is directed to close this case and terminate any pending motions as moot.

4. Defendant, HK Craig & Associates, LLC's, last known address is 534 S. Pineapple Ave, Suite 201, Sarasota, FL 34236.

Dated: 24 Feb. 2015

UNITED STATES SENIOR JUDGE
JAMES S. MOODY, JR.